# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

JOHNNY DAVIS                                                                      PLAINTIFF

V.                                    4:17CV00164 SWW/JTR

LAKE VILLAGE CITY JAIL, et al.                                              DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Susan Webber Wright. Any party may file written objections to this Recommendation. Objections must be specific and include the factual or legal basis for disagreeing with the Recommendation. An objection to a factual finding must specifically identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of the objections must be received by the Clerk of this Court within fourteen (14) days of this Recommendation. If no objections are filed, Judge Wright can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

## I. Discussion

Plaintiff Johnny Davis ("Davis") has filed this *pro se* § 1983 action alleging that Defendants violated his constitutional rights. *Docs. 2 & 6.* Before Davis may proceed with this action, the Court must screen his allegations.[1]

On February 10, 2017, Davis was arrested in Lake Village, Arkansas pursuant to a warrant seeking his extradition to Florida for trial on a second degree murder charge. *Id.* On February 28, 2017, Davis was transferred to the Ashley County Detention Center, which is where he is currently confined. *Id.* Davis alleges that several Lake Village and Ashley County officials are violating his procedure due process rights in connection with the *ongoing* extradition proceedings in state court by failing to promptly hold an initial appearance and have a hearing on the merits of the extradition request. By way of relief, Davis seeks his immediate release and monetary damages.

The *Younger* abstention doctrine provides that a federal court should abstain from hearing constitutional claims when: (1) there is an ongoing state proceeding;

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

(2) the state proceeding implicates important state interests; and (3) there is an adequate opportunity in the state proceedings to raise the constitutional challenges. *Younger v. Harris*, 401 U.S. 37, 43-45 (1971); *Tony Alamo Christian Ministries v. Selig*, 664 F.3d 1245, 1249 (8th Cir. 2012). If these three elements are satisfied, a federal court should abstain unless it detects "bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).

The state extradition proceedings against Davis are ongoing, Arkansas and Florida clearly have important interests at stake in those proceedings, and Davis will have the opportunity to raise his due process claims during those proceedings. Furthermore, there is no indication of bad faith, harassment, or any other extraordinary circumstances that would make abstention inappropriate. Thus, *Younger* abstention applies. *See Mershon v. Kyser*, 852 F.2d 335, 337 (8th Cir. 1988) (holding that *Younger* abstention required a federal court to refrain from interfering with ongoing state extradition proceedings).

Further, Davis cannot obtain his release in a § 1983 action. *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005); *Muhammad v. Close*, 540 U.S. 749, 750 (2004). Instead, Davis can only obtain his release in a federal habeas action that is filed *after* he has exhausted all of his available remedies is state court. *See* 28 U.S.C. § 2254; *Dooley v. State*, 17 S.W.3d 503 (Ark. App. 2000) (explaining how a detainee may

3

challenge extradition in a state court*)*; *Bailey v. Shepard,* 584 F.2d 858 (8th Cir. 1978) (explaining how a detainee may challenge extradition in a federal habeas petition, after exhausting all state court remedies). Thus, the Court recommends that Davis's request for release be dismissed, without prejudice.

Finally, success on the merits of Davis's allegations that Defendants violated his procedural due process rights by improperly *delaying* his initial appearance and a hearing on the merits of the extradition request would *not* necessarily invalidate the outcome of Davis's extradition proceedings. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a plaintiff cannot proceed with a § 1983 claim for damages if success on the merits of that claim would necessarily invalidate his state criminal proceedings). This means, *after* the extradition proceedings are *concluded* in state court, Davis may be able to proceed with his § 1983 request for monetary damages. Thus, the Court recommends that the Davis's request for monetary damages be stayed, until the extradition proceedings are concluded in state court. *See Yamaha Motor Corp. U.S.A. v. Stroud*, 179 F.3d 598, 603-04 (8th Cir. 1999) (holding that a request for monetary damages that is barred by *Younger* abstention*,* should be stayed, rather than dismissed, until the state court proceedings are concluded).

## II. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Davis's request for release be DISMISSED, WITHOUT PREJUDICE.

2. Davis's request for monetary damages be STAYED and this § 1983 action be ADMINISTRATIVELY TERMINATED until the *final conclusion* of the state extradition proceedings.

3. Davis be given thirty days from the final conclusion of the state extradition proceedings to file a Motion to Reopen this § 1983 action for damages.

4. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

Dated this 8th day of June, 2017.

_____
UNITED STATES MAGISTRATE JUDGE