# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

JOHNNY DAVIS
0273838                                                                                          PLAINTIFF

v.                                          4:17CV00164 SWW/JTR

DOES, *et al*.                                                                                 DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Susan Webber Wright. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

**I. Discussion**

Plaintiff Johnny Davis ("Davis") filed this *pro se* § 1983 action alleging that several Lake Village and Ashley County officials violated his procedural due process rights. *Docs. 2 & 6.* The Court granted summary judgment in favor of Tommy Sturgeon and Nicole Carter, and further dismissed Davis's claims against the Ashley County Detention Center and the Lake Village City Jail. *Docs. 7, 11, 26,*

1

*& 27.* Davis's claims against Lake Village Police Chief Percy Wilburn ("Wilburn"), Lake Village Jailer James Hampton ("Hampton"), and unidentified Ashely County Detention Center Staff remained pending.

On August 24, 2018, Wilburn and Hampton (collectively "Defendants") filed a Motion to Dismiss, followed by a supplement to the Motion on August 29, 2018. *Docs. 32-34.* Davis did not respond to Defendants' Motion.

A September 14, 2018 Order directed Davis to respond to Defendants' Motion on or before October 14, 2018. *Doc. 35.* The Court warned Davis that his case would be dismissed, without prejudice, pursuant to Local Rule 5.5(c)(2)[1] if he failed to file a timely response. *Id.* Davis ignored the deadline by which he was directed to file a response to Defendants' Motion to Dismiss. The record makes it clear that Davis has violated his obligations under Local Rule 5.5(c)(2) and has failed to prosecute his action against Defendants diligently.[2]

---

[1] Rule 5.5(c)(2) of the Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas provides:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any changes in his or her address, to monitor the progress of the case, and to prosecute or defend that action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. *If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.* Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

(emphasis added).

[2] Under Rule 41(b) of the Federal Rules of Civil Procedure, a case may be dismissed for failure to prosecute or comply with court orders.

Further, Davis failed to identify the Ashely County Detention Center staff he sued despite being informed that he must do so. *Doc. 4, at 2*. As a result, more than 90 days have passed and no Doe Defendant has been served, making dismissal of Davis's claims against them proper. Fed. R. Civ. P. 4(m); *Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993).

## II. Conclusion

IT IS THEREFORE RECOMMENDED THAT Davis's Complaint, as amended, *Docs. 2 & 6*, be DISMISSED WITHOUT PREJUDICE pursuant to Fed. R. Civ. P. 41(b) and Local Rule 5.5(c)(2).

IT IS FURTHER RECOMMENDED THAT the Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

Dated this 18th day of October, 2018.

*[signature]*
_____
UNITED STATES MAGISTRATE JUDGE